UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNELL HOLMES, | No. 1:19-cv-00555-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE[1] |
| v. | |
| A. GARCIA, *et. al.*, | OBJECTIONS WITHIN FOURTEEN DAYS[2] |
| Defendants. | ORDER DIRECTING CLERK TO ASSIGN A DISTRICT JUDGE |

This matter comes before the court upon initial review of the file, which was reassigned to the undersigned on November 17, 2020. (Doc. No. 14). As more fully set forth below, the undersigned recommends the court dismiss this case without prejudice due to plaintiff's failure to update his address of record and prosecute this action.

I.     FACTS AND BACKGROUND

Plaintiff Vernell Holmes is a current or former state prisoner proceeding *pro se* and *in forma pauperis* on his civil rights complaint filed under 42 U.S.C. § 1983. (Doc. Nos. 1, 9). On October 30, 2019, the court issued a screening order under 28 U.S.C. § 1915A and directed plaintiff to

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

[2] Due to the age of this case and because plaintiff appears to no longer be incarcerated, the court affords plaintiff the statutory fourteen-day period within which to file objections.

1

complete the forms necessary to effectuate service upon each defendant. (Doc. No. 12). On November 14, 2019, the October 30, 2019 order was returned as "Undeliverable, Not in Custody." (*See* docket). On May 5, 2020, the court issued a show cause order advising plaintiff that he was required to update his address and must respond to the court's previous show cause order or face involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) and Local Rule 183(b). (Doc. No. 13). That order was also returned to the court as "Undeliverable, Return to Sender, Not in Custody" on May 27, 2020. (*See* docket). The court's November 17, 2020 order reassigning this case to the undersigned was also returned to the court as "Undeliverable, Return to Sender, Not in Custody" on November 30, 2020. (*See* docket). Plaintiff has not updated his address as of the date of these findings and recommendations.

II.     APPLICABLE LAW

This court's Local Rules require litigants to keep the court apprised of their current address, specifically providing:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

E.D. Cal. Loc. R. 183(b) (2019). Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court. Precedent supports a dismissal of a case when a litigant fails to keep the court apprised on his address. *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after *pro se* plaintiff did not comply with local rule requiring *pro*

*se* plaintiffs keep court apprised of addresses at all times); *Hanley v. Opinski*, Case No. 1:16-cv-391-DAD-SAB, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and failure to provide court with current address).

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

III. ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where

3

petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Finally, a less drastic remedies in lieu of dismissal, such as directing plaintiff to submit an updated address, or second order to show cause why the case should not be dismissed for failure to comply with Local Rules would be an act of futility because the order would be returned without delivery. Additionally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Plaintiff failed to keep the court appraised of his address as required by Local Rule 182(f) and 183 (b). This case has laid dormant on the court's docket for almost 18 months and essentially plaintiff has abandoned this action. After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 183(b).

Accordingly, it is ORDERED:

The Clerk shall assign a District Judge to this case.

It is further RECOMMENDED:

This case be dismissed without prejudice.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

///

4

IT IS SO ORDERED.

Dated:     April 30, 2021

*Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE